Mr. Ronald Scott c/o Arkansas Game and Fish Commission 2 Natural Resources Drive Little Rock, Arkansas 72205
Dear Mr. Scott:
I am writing in response to your request for my review of the records-custodian's decision to release some of your employee-evaluation records in response to a Freedom of Information Act (FOIA) request. Accordingly, this opinion is issued pursuant to the duty created by A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007). The FOIA request seeks: "All documents concerning any form of disciplinary action (termination or suspension)" against you. The custodian intends to release three documents that formed the basis for a suspension. You question whether the custodian's decision is proper for two reasons. First, you claim that "[your] file is confidential." Second, you claim that you are "concerned with intrusions into [your] personal records without cause or merit."
RESPONSE
Based on the limited information before me, it appears that the custodian's decision is likely consistent with the FOIA.
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld. *Page 2 
The first two elements appear met in this case. As for the first element, the documents are held by the Arkansas Game and Fish Commission, which is a public agency. As for the second element, the FOIA defines "public records" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). Because the records are held by a public agency, they are presumed to be public records. While this presumption is rebuttable, the presumption will likely not be rebutted in this instance because these documents reflect the performance of official functions.
Because the first two elements are met, the requested documents must be released unless some exception shields them from disclosure. I will limit the following analysis to the exemption for employee-evaluation records because the FOIA request seeks only those records. The exception for employee evaluation or job performance records is found at A.C.A. § 25-19-105(c)(1). Although the FOIA does not define the phrase "employee evaluation or job performance records," this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job. Op. Att'y Gen. 2004-012
(and opinions cited therein). This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct. Id.
If a document meets the above definition, the document cannot be released unless the following elements have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding (finality); *Page 3 
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (relevance); and
 3. There is a compelling public interest in the disclosure of the records in question (compelling interest).
A.C.A. § 25-19-105(c)(1) (Supp. 2007). All three of the conditions must be present before an evaluation or job performance record may be released. Op. Att'y Gen. 2008-065.
The three documents the custodian intends to release clearly meet the definition of an employee-evaluation record. The documents also meet the first two elements quoted above: the document details the events (thereby meeting the relevance element) that lead to a final administrative decision to suspend you for certain policy violations (thereby meeting the finality element).
The only remaining question is whether the public has a compelling public interest in the disclosure of the records. The FOIA never defines the phrase "compelling public interest." However, two leading commentators on the FOIA, referring to this office's opinions, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004), at 207 (footnotes omitted). Professors Watkins and Peltz *Page 4 
also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
This office has repeatedly opined that, in certain situations, a compelling public interest exists in the disclosure of documents containing certain categories of information. E.g., Op. Att'y Gen. Nos. 2008-090 (violating administrative rules or policies aimed at avoiding conduct that undermines the public trust); 2001-144 (use/possession of drugs); 2003-257, 97-190 and 97-177 (arrests and/or convictions); 2003-072, 2001-343, 98-210, 98-075, 97-400 and 92-319 (violation of safety rules). However, neither I nor any of my predecessors have opined that only these categories of information could give rise to a compelling public interest favoring disclosure. In my opinion, regardless of what category of information a document contains, in order to determine whether a compelling public interest exists in its disclosure, the custodian must conduct a detailed review of the document considering the factors discussed above. The existence of a "compelling public interest" in disclosure will necessarily depend upon all of the surrounding facts and circumstances in each case.
Turning to the three factors noted above that were explained by Watkins and Peltz, I cannot say the custodian's decision is inconsistent with the FOIA. These factors are largely questions of fact to be decided by the records custodian. E.g. Op. Att'y Gen. Nos. 2008-167, 2008-090. The first factor — the nature of the infraction that led to the suspension — weighs in favor of disclosure. The infraction was apparently a repeated infraction of the same type, which infraction violated several internal rules or policies. The second factor — the existence of a public controversy related to the agency and its employees — is difficult to assess because I lack sufficient background facts. The third factor — the employee's position within the agency — may also weigh in favor of disclosure not because of your rank, but because of your employment as a law enforcement officer. See, e.g., Op. Att'y Gen. Nos. 2008-090, 2008-004. In summary, given the repeated nature of the infraction discussed in the first factor, and your position as a law enforcement officer, the custodian's decision is likely consistent with the FOIA.
Neither argument you offer shows the custodian's decision is inconsistent with the FOIA. Your first objection — that you have some sort of privacy interest in the employee-evaluation records — is not relevant to the test for the release of *Page 5 
employee-evaluation records. An employee's privacy right is generally relevant only in one of two instances: if the record is a personnel record, or if information contained in an otherwise disclosable record must be redacted due to constitutional privacy concerns. The statutory test for employee-evaluation records contains no analysis involving a balancing test between the public's compelling interest in disclosure, on the one hand, and the employee's privacy interest, on the other hand.See Op. Att'y Gen. Nos. 2007-311, 2005-233, 2004-012. Because the FOIA request seeks only employee-evaluation records, the privacy question relevant to personnel records is not implicated. As for the other appropriate use of privacy concerns — the overarching constitutional privacy concern — nothing in the records the custodian intends to release appears to implicate this constitutional concern. Your second objection — that the FOIA request lacks merit — is obviated by the above analysis indicating that the legal test for release of the records appears met.
In conclusion, I cannot say the custodian's decision to release the attached documents is inconsistent with the FOIA. The requested documents appear to be public records and no exemption appears to shield the employee-evaluation records from disclosure.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:RO/cyh *Page 1